NEWARK HOMEBUILDERS COMPANY, PROSECUTOR, v. TOWNSHIP OF BERNARDS, RESPONDENT.

Submitted July 6, 1916—Decided May 21, 1917.

The interest, which a landowner must pay on the amount of his assessment for sidewalk improvements, does not begin to run until the amount of such assessment has been definitely ascertained.

On *certiorari.*

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *Arthur A. Palmer.*

For the township, *Harrison P. Lindabury.*

The opinion of the court was delivered by

SWAYZE, J. An assessment for sidewalk improvements was set aside and a new assessment ordered. The amounts to be assessed have been agreed upon, and the only question now submitted to us is from what time interest should run on the assessment. We think it should not begin to run until the

amount is ascertained by the court. Until that time the land-owner is in no default; he cannot pay until the amount is known. That this is the rule seems to have been taken for granted in *State, ex rel. Miller,* v. *Love,* 37 *N. J. L.* 261. The cases cited on behalf of the township only hold that interest paid by the municipality is a part of the cost of the improvement. No doubt this is true, and we must assume that the total cost required to be assessed includes all interest paid by the township. We cannot go back to February 4th, 1915, and, by allowing interest on the assessment from that date, compel the property owner to pay interest on interest for a time ante-dating the day when the amount of his own liability becomes known, and on interest that may not have been paid by the township until long after that date and up to the present time. That would mean not only compound interest but compound interest in advance.